**ENTERED**

MAR - 1 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

**FILED**

MAR - 1 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case 09-13862-PC |
| CLASSICS KRISTALL, INC. | Chapter 7 |
| Debtor(s). | Adversary No. 11-01560-PC |
| DAVID L. HAHN, Trustee<br>CLASSICS, KRISTALL, INC.<br>Plaintiff(s),<br>v.<br>FREMADA GOLD, INC<br>Defendant(s). | **ORDER RE: RULE 26(f) MEETING, INITIAL DISCLOSURES, AND RULE 16(b) SCHEDULING CONFERENCE**<br><br>Date: 4/26/2011<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>Courtroom # 1539<br>Roybal Federal Bldg. & Courthouse<br>255 East Temple Street<br>Los Angeles, CA 90012 |

1.    **Service of Order.**  A copy of this Order Re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference must be served with the summons and complaint in lieu of the notice specified in LBR 7026-1(a)(1).  The proof of service of the summons and complaint must indicate that a copy of this order was served therewith.

2.    **LBR 7026-1.**  Compliance with LBR 7026-1 is required in ALL adversary proceedings.

3.    **Rule 26(f) Meeting.**  Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f) Meeting") at least 21 days before the status conference date set forth in the summons.  **The status conference set forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.**

*Revised: August 15, 2008*

1       The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting,

2  which may be conducted in person or by telephone.  During the Rule 26(f) Meeting, the parties

3  must, at a minimum:  (a) discuss the nature and basis of their claims and defenses and the

4  possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial

5  disclosures required by Rule 26(a)(1); (c) discuss any issues about preserving discoverable

6  information; and (d) develop a proposed discovery plan.  The discussion of claims and defenses

7  must be substantive and meaningful.  The parties are directed to approach the Rule 26(f) Meeting

8  cooperatively and in good faith.

9  4.   **Initial Disclosures**.  Rule 26(a)(1) states that a party must, without awaiting a discovery

10  request, provide to other parties:

11
12      a.   The name and, if known, the address and telephone number of each individual
       likely to have discoverable information – along with the subjects of that
13         information – that the disclosing party may use to support its claims or defenses,
       unless the use would be solely for impeachment;

14
15      b.   A copy of – or a description by category and location – of all documents,
       electronically stored information, and tangible things that the disclosing party has
16         in its possession, custody, or control and may use to support its claims or
       defenses, unless the use would be solely for impeachment;

17
18      c.   A computation of each category of damages claimed by the disclosing party – who
       must also make available for inspection and copying as under Rule 34 the
19         documents or other evidentiary material, unless privileged or protected from
       disclosure, on which each computation is based, including materials bearing on
       the nature and extent of injuries suffered; and

20
21      d.   For inspection and copying as under Rule 34, any insurance agreement under
       which an insurance business may be liable to satisfy all or part of a possible
22         judgment in the action or to indemnify or reimburse for payments made to satisfy
       the judgment.

23  F.R.Civ.P. 26(a)(1)(A).  Rule 26(a)(1) requires a party to make its initial disclosures based on the

24  information then reasonably available to it.  A party is not excused from making its disclosures

25  because it has not fully completed its investigation of the case or because it challenges the

26  sufficiency of another party's disclosures or because another party has not made its disclosures.

27

1    F.R.Civ.P. 26(a)(1)(E).

2    5.    **Alternative Dispute Resolution ("ADR").**  The parties must explore the feasibility of

3    ADR to reach a settlement or early resolution of the adversary proceeding.  The specific reasons

4    for any decision not to participate in a form of early ADR must be explained in the Joint Status

5    Report.  If the parties elect not to participate in an early ADR effort, the court may nonetheless

6    direct the parties to ADR before trial.

7    6.    **Discovery Plan.**  At the Rule 26(f) Meeting, the parties must also discuss any issues

8    about preserving discoverable information and develop a proposed discovery plan.  The

9    discussion regarding discovery following the initial disclosures must address the relevance of the

10   discovery sought and the sequence and timing of such discovery, including whether the discovery

11   will be conducted informally or formally.  The deadlines in the discovery plan must be mutually

12   agreeable, with a view to achieving resolution of the case with a minimum of expense and delay.

13

14   7.    **Joint Status Report**. Not later than 7 days before the status conference/Rule 16(b)

15   Scheduling Conference date set forth in the summons, the parties must file a Joint Status Report

16   in a form substantively identical to LBR **Form F 7016-1.1.**  The Joint Status Report must contain

17   the information set forth in LBR 7016-1(a)(2), and a statement that the parties have completed

18   the Rule 26(f) Meeting and made the initial disclosures required by Rule 26(a)(1).  The Joint

19   Status Report shall also serve as the written report of the Rule 26(f) Meeting.

20   8.    **Status Conference / Rule 16(b) Scheduling Conference.**  At the Rule 16(b) Scheduling

21   Conference, the court will review the discovery plan set forth in the Joint Status Report and set

22   appropriate deadlines.  The court seeks to try all adversary proceedings not later than 18 months

23   of the filing of the complaint.  Consequently, all deadlines in the schedule, including the

24   dispositive motion deadline, must be met within 12 to 14 months of the filing of the complaint to

25   afford adequate time for briefing and ruling prior to the final pretrial conference and trial date.

26        Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status

27

- 3 -

1 Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all

2 matters to be covered.

3 9.    **Default.** If no response to the complaint is timely filed, plaintiff should request entry of

4 default by the clerk <u>prior</u> to the status conference date set forth in the summons.  F.R.Civ.P.

5 55(a).  Plaintiff may then request entry of a default judgment by filing and serving an appropriate

6 motion.  F.R.Civ.P. 55(b)(2).  <u>See</u> <u>All Points Capital Corp. v. Meyer (In re Meyer)</u>, 373 B.R. 84,

7 88-89 (9th Cir. BAP 2007) ("Our own precedents recognize that default judgments are the result

8 of a two-step process – entry of default and then judgment by default – designed to assure that

9 the plaintiff is entitled to the relief requested.").

10 10.    **Sanctions.**  Failure to comply with these instructions may subject the responsible party

11 and/or counsel to sanctions.  The failure of either party to cooperate in the preparation and filing

12 of a Joint Status Report or appear at the status conference may result in the imposition of

13 sanctions under LBR 7016-1(f) or (g).

14    SO ORDERED.

15

16 Dated: 3/1/2011

17    PETER H. CARROLL

18    United States Bankruptcy Judge

19

20

21

22

23

24

25

26

27